UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES ESTRADA,<br><br>          Petitioner,<br><br>   v.<br><br>PEOPLE OF RIVERSIDE CALIFORNIA,<br><br>          Respondent. | Case No. 5:22-cv-1893-RSWL-PD<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION** |

     On October 24, 2022, Petitioner Moses Estrada, a state prisoner in the custody of the California Department of Corrections, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The Court issues this Order to Show Cause directed to Petitioner because the Petition sets forth no specific grounds for relief and Petitioner concedes that any ground for relief he seeks to raise is unexhausted.

**I.    Procedural History and Petitioner's Contentions**

     In March 2019, a San Bernardino County Superior Court jury convicted Petitioner of seven counts of lewd or lascivious conduct against two victims under the age of 14, in violation of California Penal Code section 288(a). The

jury also found true the allegation that he committed the offenses against multiple victims pursuant to California Penal Code section 667.61. He was sentenced to 150 years to life in state prison. [*See* Dkt. No. 1 at 2.]

Petitioner appealed, alleging three claims: (1) there was insufficient evidence to support one of the lewd or lascivious counts; (2) the trial court committed instructional error; and (3) his sentence was cruel and unusual. *See People v. Estrada*, No. E073286, 2021 WL 1904544, at *1 (Cal. Ct. App. May 12, 2021). He also asked the court of appeal to review a sealed transcript from the trial proceedings to determine whether the trial court erred in denying his request for personnel records of a law enforcement officer. *See id.* The court of appeal ordered Petitioner's abstract of judgment corrected but otherwise affirmed the judgment. *See id.* at 10. Petitioner then filed a petition for review, which the California Supreme Court denied on July 21, 2021.[1] [*See* Dkt. No. 1 at 3.]

On October 19, 2021, Petitioner filed a petition for writ of certiorari in the U.S. Supreme Court, which denied it on January 10, 2022. *See* U.S. Sup. Ct. Docket Search, https://www.supremecourt.gov/docket/docket.aspx (search by name) (last visited Nov. 29, 2022). Petitioner then filed a motion to recall the remittitur in the court of appeal, which denied the motion on September 26, 2022. *See* Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search Dist. 4, Div. 2 for "Moses" with "Estrada") (last visited Nov. 29, 2022).

**II. Discussion**

    **A. Duty to Screen**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the

---

[1] Based on Petitioner's allegations, it appears that he only sought review of the court of appeal's denial of his sufficiency-of-the-evidence claim. [*See* Dkt. No. 1 at 3.]

petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). Based on a preliminary review, the Petition appears to be subject to dismissal because it contains no specific grounds for relief and because Petitioner concedes that any ground for relief he seeks to raise is unexhausted. Petitioner therefore must show cause as to why the Petition should not be dismissed.

### B. The Petition Does Not Identify Any Grounds for Relief

Rule 2(c) of the Rules Governing Section 2254 Cases states that a petition "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), 28 U.S.C. foll. § 2254. "[I]n order to substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *Adams v. Armontrout*, 897 F.2d 332, 334 (9th Cir. 1990). "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.1970)).

Here, Petitioner has not complied with Habeas Rule 2(c). Indeed, he has not identified any ground for relief, let alone alleged particularized facts supporting any such ground or grounds. Instead, he states only the following: "Claims are not exhausted must file state habeas corpus in lieu of court of appeal denial of recall of remittitur." [Dkt. No. 5.] Although he has attached what appears to be the motion for recall of remitter that he filed in the court

3

of appeal,[2] it is not clear which of the claims asserted therein, if any, he seeks to assert in this action. Accordingly, dismissal is warranted unless he can remedy the deficiency.[3] *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petitions that appear on their face to be legally insufficient are subject to summary dismissal pursuant to Rule 4).

### C. Any Claim Petitioner Seeks to Assert Is Unexhausted

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Here, Petitioner concedes that he had not exhausted whichever ground or grounds for relief he seeks to assert in this action. [*See* Dkt. No. 1 at 5.] Accordingly, the Petition is subject to dismissal on that basis unless Petitioner takes steps to cure the defect. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

---

[2] As the copy of the motion attached to the Petition is not filed-stamped, the Court cannot determine if it is the same motion that he filed in the court of appeal.

[3] The Court also notes that many of the ineffective-assistance claims that Petitioner asserted in his motion for recall of the remittitur fail to set forth any supporting facts or clearly identify how counsel's performance was allegedly deficient or prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984) (petitioner cannot succeed on ineffective-assistance-of-counsel claim unless he can show that counsel's performance was unreasonable and that the reasonable likelihood exists that but for his counsel's errors, the result would have been different); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

4

### III. Conclusion

For the foregoing reasons, Petitioner must show cause why the Petition should not be dismissed for failure to state a claim and for failure to exhaust. Accordingly, the Court **ORDERS** Petitioner to select one of the following options **by no later than by January 6, 2023**:

**Option One:**

(1) Petitioner must file a First Amended Petition on the Central District of California's form Petition for Writ of Habeas Corpus. The amended petition should reflect the same case number (CV 5:22-cv-1893-RSWL-PD), be clearly labeled "First Amended Petition," and be filled out completely. In section 8 of the First Amended Petition, Petitioner must specify separately and concisely each federal constitutional claim that he seeks to raise and answer all of the questions pertaining to each claim. Petitioner is free to attach additional pages if he asserts more than five grounds for relief. The Court Clerk is directed to send Petitioner a blank copy the Central District's form Petition for Writ of Habeas Corpus by a Person in State Custody; **AND**

(2) If Petitioner concedes that the First Amended Petition is completely unexhausted, he should file a formal stay-and-abey motion under *Rhines v. Weber*, 544 U.S. 269 (2005), if he believes he can make the required showings. Under *Rhines*, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are as follows: (1) he must show good cause for his failure to earlier exhaust the claim in state court, (2) the unexhausted claim must not be "plainly meritless," and (3) he must not have engaged in "abusive litigation tactics or intentional delay." 544 U.S. at 277-78. Petitioner is advised now, however, that he is not required to obtain a stay before

5

he starts the process of exhausting any unexhausted claim. Nothing prevents him from immediately returning to state court to attempt to exhaust his unexhausted claims.

**Option Two:**

Petitioner may request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition might be time barred under § 2244(d)(1). *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**Petitioner is admonished that his failure to timely respond to this Order will result in the Court dismissing this action without prejudice for failure to comply with Habeas Rule 2(c), failure to exhaust, and failure to prosecute and comply with court orders.** *See* **Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED**.


DATED: November 30, 2022

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE