**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MOSES ESTRADA,

Petitioner,

v.

CHRISTIAN PHEIFFER,

Respondent.

Case No. 5:22-cv-01893-MWC-PD

**ORDER ACCEPTING REPORT AND ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Petition ("SAP"), the Motion to Dismiss the SAP, the records on file, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Response to the Report. The Court accepts the Report and adopts it as its own findings and conclusions.

Accordingly, the Motion to Dismiss is granted in part and denied in part, without prejudice to Respondent's ability to reassert the statute-of-limitations argument in the Answer to the SAP.

The Report recommended that the Court dismiss the SAP without prejudice unless Petitioner affirmatively chooses one of the following options within 30 days of the date on which this Court accepts the Report:

(1) request that the SAP's unexhausted grounds be dismissed and proceed only on the SAP's exhausted grounds – with the understanding that any subsequent federal petition asserting the SAP's unexhausted claims may be dismissed as impermissively successive, *see* 28 U.S.C. § 2244(b)(3)(C); *Morales v. Ornoski*, 439 F.3d 529, 531 (9th Cir. 2006), or as untimely, *see* 28 U.S.C. § 2244(d)(1);

(2) seek a stay under *Kelly v. Small*, 316 F.3d 1063 (9th Cir. 2002), *overruled on other grounds, Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), by voluntarily dismissing the SAP's unexhausted grounds, asking the Court to stay the then fully-exhausted SAP, and returning to state court to attempt to exhaust the unexhausted claims while the federal proceeding is held in abeyance – with the understanding that Petitioner will be allowed to amend any newly exhausted claim back into the SAP only if:

(a) the SAP itself is timely; and

(b) the newly exhausted claims either are timely under AEDPA or "relate[] back" to a timely-asserted claim, exhausted claim in the SAP, *see Mayle v. Felix*, 545 U.S. 644, 664 (2005),

or

(3) request that the SAP be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition will in all likelihood be time-barred under 28 U.S.C. § 2244(d)(1) or otherwise procedurally improper.

Dkt. No. 50, Report at 20-21.

Petitioner has chosen the first option listed above. *See* Dkt. No. 52. He requests that the SAP's unexhausted grounds be dismissed, and he has elected to proceed only on the SAP's exhausted grounds – with the understanding that any subsequent federal petition asserting the SAP's unexhausted claims may be dismissed as impermissively successive, *see* 28 U.S.C. § 2244(b)(3)(C); *Morales v. Ornoski*, 439 F.3d 529, 531 (9th Cir. 2006), or as untimely, *see* 28 U.S.C. § 2244(d)(1).

It is therefore ordered that the SAP's unexhausted grounds for relief, which are set forth in the Report, *see* Dkt. 50, Report at 15-17, are dismissed without prejudice as unexhausted.

It is further ordered that the SAP will proceed only on its exhausted grounds for relief, which are also set forth in the Report. *See id.* at 14-16.

DATED: September 14, 2026

HONORABLE MICHELLE WILLIAMS COURT
UNITED STATES DISTRICT JUDGE